THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER REQUESTING AN OFFICIAL ATTORNEY GENERAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 DO THE BOND FORFEITURE PROVISIONS OF THE COAL RECLAMATION ACT AND ITS IMPLEMENTING RULES QUALIFY AS AN EXCEPTION TO THE REAL ESTATE DISPOSITION PROCEDURES SET FORTH IN 74 O.S. 129.4 (1991)?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; INSTEAD, IT REPRESENTS THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
YOUR INQUIRY PUTS IN ISSUE TWO STATUTORY SCHEMES THAT REGULATE THE STATE'S DISPOSITION OF REAL PROPERTY. SECTION 74 O.S. 129.4 OF TITLE 74 OF THE OKLAHOMA STATUTES SETS FORTH THE GENERAL PROCEDURES TO BE FOLLOWED BY STATE ENTITIES IN SELLING OR DISPOSING OF REAL PROPERTY SUBJECT TO STATE JURISDICTION. SECTION 129.4 PROVIDES AS FOLLOWS:
 "UNLESS PROCEDURES FOR THE DISPOSAL OF REAL PROPERTY OWNED BY THIS STATE ARE OTHERWISE PROVIDED FOR BY LAW, NO DEPARTMENT, BOARD, COMMISSION, INSTITUTION, OR AGENCY OF THIS STATE SHALL SELL EXCHANGE, OR OTHERWISE DISPOSE OF SUCH REAL PROPERTY SUBJECT TO ITS JURISDICTION EXCEPT AS PROVIDED FOR IN SUBSECTION B OF THIS SECTION."
(EMPHASIS ADDED.)
74 O.S. 129.4 (1991). SECTION 129.4 CONTINUES BY DESCRIBING PROCEDURES FOR REAL ESTATE DISPOSAL AND CONCLUDES BY DIRECTING THAT REAL ESTATE SALE PROCEEDS BE DEPOSITED IN THE GENERAL REVENUE FUND.
AS THE OPENING LANGUAGE IN 74 O.S. 129.4 INDICATES, THE DISPOSITION PROVISIONS IN SUBSECTION B OF THAT STATUTE DO NOT APPLY TO ALL PROPERTY OWNED BY THE STATE. INSTEAD, THE STATUTE EXEMPTS FROM ITS DISPOSITION REQUIREMENTS THE DISPOSITION OF REAL PROPERTY GOVERNED BY OTHER STATE LAW DISPOSITION PROCEDURES.
AN EXAMPLE OF SUCH OTHER LAW IS THE COAL RECLAMATION ACT (THE "ACT"), AND ITS IMPLEMENTING RULES. IN OVERVIEW, THE ACT REQUIRES THE RECLAMATION OF LANDS AFFECTED BY SURFACE COAL MINING OPERATIONS AND THE SURFACE EFFECTS OF UNDERGROUND COAL MINING. 45 O.S. 742.1 (1991). BEFORE A MINING PERMIT WILL BE ISSUED UNDER THIS ACT, THE APPLICANT MUST FILE A PERFORMANCE BOND WITH THE STATE. 45 O.S. 745.6 (1991). SUCH BOND WILL ENSURE THAT RECLAMATION IS ACCOMPLISHED AND WILL REMAIN IN EFFECT UNTIL THE MINED ACRES HAVE BEEN RECLAIMED, APPROVED, AND RELEASED BY THE DEPARTMENT. 45 O.S. 745.6(F) (1991). THE ACT DEFINES "PERFORMANCE BOND" IN BROAD LANGUAGE AS FOLLOWS:
 ""PERFORMANCE BOND" MEANS THE INDEMNITY INSTRUMENT IN A SUM CERTAIN, SUPPORTED BY A SURETY'S GUARANTEE, PLEDGE OF COLLATERAL OR OTHER ACCEPTABLE CONTRACTUAL GUARANTEE, BY WHICH THE PERMIT APPLICANT ASSURES FAITHFUL PERFORMANCE OF ALL THE APPLICABLE PERMIT REQUIREMENTS OF THIS ACT AND THE RULES AND REGULATIONS PROMULGATED THEREUNDER." 45 O.S. 742.4(31) (1991).
AS FOR THE RULES THAT IMPLEMENT THE ACT, THE DEPARTMENT HAS BROAD AUTHORITY TO EXERCISE THE "FULL REACH OF ITS POWERS TO INSURE THE PROTECTION OF THE PUBLIC INTEREST THROUGH THE EFFECTIVE CONTROL OF SURFACE MINING OPERATIONS." 45 O.S. 742.4 (1991). UNDER THIS BROAD MANDATE, THE DEPARTMENT HAS ESTABLISHED A PERFORMANCE BOND SYSTEM WHICH INCLUDES THE USE OF REAL ESTATE AS COLLATERAL. OAC 460:20-800.21(C). THE BOND AMOUNT SHALL BE SUFFICIENT TO ASSURE COMPLETION OF THE APPLICANT'S RECLAMATION PLAN. OAC 460:20-00.14(B). IF RECLAMATION IS NOT ACCOMPLISHED, THE BOND SHALL BE FORFEITED AND THE FUNDS COLLECTED FROM THE FORFEITURE USED TO COMPLETE THE RECLAMATION PLAN. OAC 460:20800.50(B).
AS WITH ANY IMPLEMENTING AUTHORITY, THE LAW REQUIRES THAT THE DEPARTMENT'S RULES BE GIVEN DEFERENCE AND BE CONSIDERED VALID AND REASONABLE. IT IS A CARDINAL RULE OF CONSTRUCTION THAT THE RULES AND REGULATIONS ENACTED BY AN ADMINISTRATIVE AGENCY PURSUANT TO ITS GOVERNING STATUTES ARE PRESUMED TO BE REASONABLE AND VALID. J BROTTON CORP. V. OKLAHOMA ALCOHOLIC BEVERAGE LAWS ENFORCEMENT COMMISSION, 822 P.2D 683 (OKLA.1991). IN FACT, DEFERENCE IS DUE CONSTRUCTION OF A STATUTE OR REGULATION BY THE ADMINISTRATIVE AGENCY CHARGED WITH ITS ADMINISTRATION. JONES V. FEDERAL DEPOSIT INS. CORP., 748 F.2D 1400. (OKLA.APP.1984).
AS OUTLINED ABOVE, THE COMBINED AUTHORITY ESTABLISHED IN THE ACT AND ITS IMPLEMENTING RULES REQUIRE RECLAMATION ASSURANCE THROUGH THE POSTING OF PERFORMANCE BONDS. THE ACT THEN DEFINES PERFORMANCE BONDS IN LANGUAGE BROAD ENOUGH TO INCLUDE INDEMNITY INSTRUMENTS SUPPORTED BY REAL ESTATE AS COLLATERAL. 45 O.S. 742.2(31) (1991). UNDER THESE BROAD STATUTORY MANDATES, IT IS NOT UNREASONABLE FOR THE DEPARTMENT TO DO THE FOLLOWING: (1) INTERPRET THE ACT AS AUTHORIZING THE USE OF REAL ESTATE AS BOND COLLATERAL, (2) ESTABLISH PROCEDURES FOR REAL ESTATE DISPOSITION FOLLOWING BOND FORFEITURE, AND (3) APPLY PROCEEDS FROM THE SALE OF SUCH REAL ESTATE TO SATISFY RECLAMATION REQUIREMENTS.
IN CONCLUSION, THE PROCEDURES SET FORTH IN THE COAL RECLAMATION ACT AND THE IMPLEMENTING REGULATIONS SPECIFY A METHOD OF DISPOSING OF REAL ESTATE ACQUIRED BY THE STATE AND THUS, CONSTITUTE AN EXCEPTION TO THE PROCEDURES SET FORTH IN 74 O.S. 129.4 (1991). AS A RESULT, REAL ESTATE ACQUIRED BY THE DEPARTMENT THROUGH BOND FORFEITURE, WHICH QUALIFIES FOR DISPOSITION PURSUANT TO THE COAL RECLAMATION ACT, NEED NOT COMPLY WITH SECTION 129.4.
(BRITA HAUGLAND CANTRELL)